■ In the Matter of BOARD OF EDUCATION, CITY SCHOOL DISTRICT OF NEW ROCHELLE, Appellant, v. BERNARD ASSOCIATES No. 3, INC., Respondent.— In a proceeding to stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County, dated April 20, 1960, denying its motion for the stay. Respondent, a contractor, in accordance with an arbitration clause in a building contract with petitioner, has demanded that the parties proceed to arbitration on respondent's claims for: (1) extras in the sum of $35,000, and (2) damages in an unascertained amount by reason of claimed wrongful acts and neglect of petitioner. Order reversed on the law, without costs, and motion granted to the extent of staying arbitration pending the determination by the court, pursuant to sections 1450 and 1458 of the Civil Practice Act, of the issues: (1) whether the demand for arbitration was timely made as to the claims therein set forth in accordance with the provision of the contract that such demand shall be made within 10 days of receipt of the decision of the architect; and (2) whether the respondent complied with the provisions of section 3813 of the Education Law in the presentation of the claims. The matter is accordingly remitted for the trial and determination of such issues. Under the contract the architect, in the first instance, had comprehensive power to review and determine all claims regarding the work done under the contract. It is also provided therein that notice of demand shall be made within 10 days of receipt of the architect's decision. The averment of the architect that he had determined all claims and had made his decision thereon with notice thereof to respondent more than 10 days prior to demand for arbitration, is sufficiently factual (in relation to the respondent's broad general claims) to create an issue of fact as to fulfillment of the condition precedent to arbitration. This question is one for the court and not for arbitration (*Matter of Board of Educ. [Heckler Elec. Co.]*, 7 N Y 2d 476, 481, 482). Compliance by respondent with the provisions of section 3813 of the Education Law is also an issue for determination by the court. There is no merit to 'petitioner's contention that a claim for damages for delays caused by it is not within the scope of the arbitration contemplated by the contract. Article 18 of the contract is concerned not with damages but with justification, because of delay, for failure of respondent to complete on the stipulated date. In fact, it is therein expressly provided that the article does not exclude recovery of damages for delay under other provisions in the contract documents. Damages may properly be sought under article 31, which provides for reimbursement where either party suffers damage "because of any wrongful act or neglect" of the other. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.